LATHROP, Estate of, In re: WELCHER et, Plaintiffs-Appellants. v. LATHROP, Extx., etc., Defendant-Appellee.

Ohio Appeals, Third District, Auglaize County.

No. 181. Decided June 5, 1956.

Bentley, Cory, Boesel & Leonard, Lima, for appellant.
Oren E. Dickason, Lima, for appellee.

## OPINION

By YOUNGER, J.

The claimants in this case filed their petitions in the Probate Court of Auglaize county for authority to present their claims against the

executor of the estate of Clarence Lathrop after the expiration of four months following the appointment of said executor.

The petitions allege that the claimants and the decedent were involved in an automobile accident on August 8, 1954, on U. S. Highway 30, some nine miles west of Van Wert, Ohio, in Van Wert county; that shortly after the accident decedent was removed from the Van Wert County Hospital to a hospital in Lima, Ohio, where he died on August 10, 1954; that newspaper articles in the Lima News on August 9, 10 and 11, 1954, gave the decedent's address as Route 1, Lima, Ohio, and listed decedent as a member of certain organizations in Spencerville, Ohio; that the undertaker was C. B. Miller & Son of Spencerville, and that burial was made in Shawnee Cemetery all in Allen county, Ohio; and that Lima is situated geographically almost in the center of Allen county.

The petitions further allege that William C. Leonard, an attorney at Law, Lima, Ohio, examined the records of the Probate Court of Allen county, Ohio, on October 18, 1954, and on January 28, 1955, but found there was no record of any appointment of an administrator or executor, or any estate proceedings, and that on January 28th, Leonard learned from an Auglaize county resident who was employed in his own office, that there was a possibility that Rural Route 1 out of the Lima Post Office might actually include territory in Auglaize county, and that a telephone call to the Probate Court of Auglaize county disclosed that an executor for the deceased Clarence Lathrop had been appointed five months and eleven days previously.

The petitions further allege that the claimants were all residents of Minnesota, passing through Ohio at the time of the accident, and had no actual notice of the appointment of an executor except through their attorney, Leonard, over five months after the executor was in fact appointed; that claimants and their attorney actually believed the decedent was a resident of Allen county, Ohio, until January 28, 1955, after the four months statutory period for presenting claims to an executor had expired, and that reasonable diligence was exercised by claimants and on their behalf to determine if an executor had been appointed.

The probate court sustained demurrers to the petitions and held as follows:

"* * * that the claimant had knowledge of the decedent's death and that such knowledge was acquired in sufficient time to present the claim within the period prescribed by §2117.06 R. C.:

"The court is further of the opinion that under the facts and circumstances as evidenced in the pleadings in this cause there is no justification for the court in permitting this claim to be filed at a later date under and by virtue of §2117.07 R. C., which in substance says the court may allow a claim to be presented after the four month period if either of the conditions exist, namely: the claimant had no knowledge of the death of the decedent or no knowledge of the appointment of the executor or administrator, and since both the petition and the amended petition show on their face timely knowledge of the death of the decedent, the demurrer is therefore sustained."

From this order, this appeal is prosecuted.

We are therefore presented squarely with the question of whether the mere knowledge only of the death of the decedent by the claimant shortly after it occurred, is, in and of itself, sufficient to bar the presenting of a belated claim within the provisions of §2117.07, subsection (a), R. C.

The provisions of the above section were under consideration by this court in Case No. 1506, Court of Appeals of Crawford County, entitled, In re Estate of William C. Christman, Deceased: Damon E. Ledley, plaintiff v. M. E. Christman, Admr., defendant, decided August 3, 1955, 100 Oh Ap 133.

The facts in that case are somewhat similar to the one here at issue in that both claimant and decedent were involved in a serious automobile accident. Both were taken to the same hospital in Galion, where decedent died the same evening. The claimant was a resident of Mt. Gilead in Morrow County, while the decedent was a resident of Crawford County. The petition of the claimant alleged that he had no actual knowledge of the appointment of the administrator until after the statutory time for presenting claims had expired and that he was under legal disability during the major portion of such statutory period.

The evidence showed that before the funeral of the decedent, the claimant was informed of the death of the decedent and his place of residence. However, it is obvious that if claimant was under legal disability, the fact that he was told of decedent's death and place of residence could not be controlling. Since the claimant made no claim that he did not know of the death or the residence of the deceased, the controlling issue was whether the evidence establishd any legal disability under subsection (B) of §2117.07 R. C., as that term is defined in §§2131.02 and 1.02 R. C., and interpreted by the Supreme Court in the cases of Bowman v. Lemon, 115 Oh St 326; and Lowe, Gdn. v. The Union Trust Company, 124 Oh St 302.

This case, however, must be decided entirely within the purview of the holding of the Supreme Court as enounced in the case of In re Estate of Marrs, 158 Oh St 95, by which we are bound.

In that case the collision between the tractor-trailer of Marrs and a bus of Pennsylvania Greyhound Lines occurred in the vicinity of Ashland, Ohio, and a general agent of the claimant, Greyhound Lines, made an investigation very shortly after the collision, in which he learned the name of the decedent-owner Marrs, and that his residence was in Shelby county, Ohio. After negotiations with the holders of P. U. C. O. permits for operation of the tractor-trailer, and the interested insurers, the bus company filed a petition in the Probate Court of Shelby County some eight months after the appointment of the administrator for Marrs, for permission to file a belated claim. The agent for the claimant admitted by deposition that he caused no investigation to be made nor sought or received any information as to the appointment of the administrator. So far as shown by the record, no one else made such an investigation for claimant.

Upon the above facts the Supreme Court proceeded to interpret that portion of the statute which reads as follows:

"did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by law." (Emphasis by Supreme Court.)

The court held that the language employed is plainly in the disjunctive and that in its usual sense and meaning, the word "or" connotes the alternative—one or the other of two designated things. In holding that the word "and" could not be substituted for the word "or," the court said (pp 99 and 100):

"To substitute the word 'and' for 'or' . . . would be to attribute to the General Assembly the doing of a useless thing. For example, if that body had intended that actual notice of both the death and the appointment was necessary the inclusion of the requirement of notice of death would be surplusage. Where one has actual notice of the appointment of an executor or administrator, he would perforce be advised that death had preceded such appointment. Clearly, the General Assembly used 'or' on its generally accepted sense."

Here follow the words strongly relied upon by the appellee in support of the probate court's conclusion that timely notice of death alone will defeat a claimant seeking to present a belated claim:

"By placing the alternative in the statute, actual notice of either the death or the appointment is sufficient to place a claimant under the duty of filing his claim within the four months, providing the notice comes soon enough to enable him to do so."

It is to be noted that Judge Middleton, in his dissent, observed:

"The construction adopted in the majority opinion has the effect of nullifying and writing out of the statute the words 'or of the appointment of the executor or administrator.'"

In summation, the court then concludes as follows:

"Bearing in mind that the prompt and expeditious settlement of the estates of decedents is an approved and desirable object, we are of the opinion that the General Assembly used the word 'or,' advisedly and deliberately, so that, when one has a claim against a decedent and has actual notice of his death, he is at once put upon inquiry as to the appointment of a fiduciary and if he learns of such appointment, or in the exercise of reasonable diligence could learn of the same, he must file his claim within the specified four-month period, if he has a fair opportunity, or be precluded from doing so."

Is this a holding that mere knowledge of the death shortly after it occurs, is, in and of itself, sufficient to bar the presenting of a belated claim? If such a holding were intended, why were the following words inserted: "he is at once put upon inquiry as to the appointment of a fiduciary, and if he learns, or in the exercise of reasonable diligence could learn of same."? These included words make a negative answer as to the first question imperative.

If the court intended to hold in the opinion that mere timely knowledge of death would bar the presenting of a belated claim, the opinion is then emasculated by the second syllabus, by which we are bound.

We hold that such was not the intention of the Supreme Court,

either in the opinion or the syllabus, and that the words "and his place of residence" and "and that in the exercise of reasonable diligence the claimant could have learned of the appointment of an administrator and thereafter had a fair opportunity to present his claim within the four months prescribed" contained in the second syllabus, must be given meaning and the entire second syllabus construed as a whole.

The demurrer in our case admits that the claimants had no knowledge of the decedent's residence in Auglaize county, until after the expiration of the four-month period. The petitions allege the claimants and their attorney used reasonable diligence to ascertain whether an administrator had been appointed. The petitions admit knowledge of decedent's post office address at the time of his death. We hold that knowledge of a decedent's post office address is not synonomous with knowledge of his place of legal residence. It is common knowledge that many employees of the State of Ohio have a post office address in Columbus or some of its suburbs for their office or temporary residence, or both, and yet their legal residences are scattered all over the state. The same is true of employees of large corporations and can be true of one engaged solely in private or personal business.

The petitions further allege that during said four-month period the claimants and their attorney actually believed the legal residence of the decedent to be in Allen county and made inquiry at the Probate Court of Allen County during said period.

We hold that the allegations of the petitions, when attacked by a demurrer, are sufficient within the holding of the Marrs case.

We have been strongly urged by the appellee in her brief, not to adopt the interpretation of the Marrs case which we have, because it would attribute judicial legislation to the Supreme Court's decision.

It is true the statute is silent as to "place of residence," "reasonable diligence," and "fair opportunity to present his claim." In our opinion, these are guideposts merely for the use of the Probate Court in arriving at the finding it must make before permitting the filing of a belated claim. Sec. 2117.07 R. C., is intended by the legislature to alleviate the harshness of §2117.06 R. C., in worthy and legitimate cases. Mere knowledge of the death of one party to a serious accident out on the highway any time during the day or night should not in and of itself forever bar a legitimate claim by the other party who may also have been seriously injured, provided the reasonable diligence and the other steps are taken, as outlined in the Marrs case. On the other hand, a person who, like the claimant in the Christman case, is able to consult with his physicians, an insurance adjuster and a banker, but who neglects to consult with his lawyer, should be barred.

It follows that in our opinion the Probate Court was in error in sustaining the demurrers. The judgment is therefore reversed and the cause remanded to the Probate Court, with instructions to overrule the demurrers, and for further proceedings according to law.

QUATMAN, PJ, MIDDLETON, J, concur.